UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARKEL INSURANCE COMPANY, a Virginia insurance company,

Plaintiff,

v.

DAHN YOGA & HEALTH CENTERS, INC., an Arizona corporation, and DRYGUY LLC, a Washington limited liability company, individually and as the representative of a purported class of similarly situated persons,

Defendants.

CASE NO. C09-1221RSM

ORDER ON PENDING MOTIONS TO SET ASIDE DEFAULT

Plaintiff Markel Insurance Company ("Markel") filed this action for declaratory relief pursuant to 28 U.S.C. § 2201, invoking the jurisdiction of this Court under the diversity provisions of 28 U.S.C. § 1332(a)(1). Dkt. # 1. The complaint requests declaratory relief regarding insurance coverage for damages in a class action filed in King County Superior Court by defendant DryGuy, LLC ("DryGuy") against plaintiff's insured, Dahn Yoga & Health Centers, Inc. ("Dahn Yoga"). The complaint in the underlying suit alleges that Dahn Yoga violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227; the Washington Commercial Telephone Solicitation Act, RCW 19.158; and the Washington Consumer Protection Act, RCW 19.86.030; by sending one or more unsolicited fax transmissions to members of the class. In that suit, DryGuy seeks damages of $500 for each violation of the TCPA, and other relief, both individually and as representative of a class of similarly situated

ORDER - 1

persons. Complaint, Dkt. # 1, ¶¶ 10-11. Markel is defending Dahn Yoga in the underlying case under a reservation of rights, and seeks in this declaratory judgment action a declaration that Dahn Yoga's acts are not covered under the relevant policy.[1]

Both defendants failed to timely appear in this action, and default was entered against DryGuy on November 16, 2009. Dkt. # 8. Default was subsequently entered against Dahn Yoga on January 15, 2010. Dkt. # 12. Plaintiff moved for default judgment against both defendants on January 26, 2010, and then filed an amended motion for default judgment as to Dahn Yoga on February 18, 2010. Dkt. ## 13, 16. Both parties have moved to set aside the default. Dkt. ## 17, 29. These motions shall be addressed separately.

## DISCUSSION

**I. Legal Standard**

Pursuant to Rule 55(c), the Court may set aside an entry of default for "good cause shown." Fed.R.Civ.P. 55(c) (2009). In determining whether good cause exists, the Court must consider: (1) whether the defendant engaged in culpable conduct that led to the default; (2) whether the defendant has a meritorious defense; and (3) whether setting aside the default would prejudice the plaintiff (the "*Falk* factors"). *See Franchise Holding II, LLC. v. Huntington Rests. Group, Inc.*, 375 F.3d 922, 925-926 (9th Cir.2004); *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir.1984) (per curiam). The test is disjunctive, so a court may deny a motion to set aside an entry of default if any one of the three *Falk* factors favors default. *Franchise Holding*, 375 F.3d at 925-26 (*citing American Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1108 (9th Cir.2000)).[2] The defendant bears the burden of

---

[1] Dahn Yoga is also the defendant in an earlier-filed class action, *Green v. Dahn Yoga*, in Illinois state court, also based on the TCPA, 47 U.S.C. § 227. Declaration of Anamaria Gil, Dkt. # 22, Exhibit A. The King County lawsuit has been stayed, as it appears that DryGuy may be a member of the putative class in the Illinois class action. Robert Green, the plaintiff in the Illinois class action, and DryGuy have filed a declaratory judgment action in Illinois state court, naming Dahn Yoga and Markel as defendants. Declaration of Anamaria Gil, Dkt. # 22, Exhibit C. That declaratory judgment action was filed September 18, 2009, or several weeks after the filing date of this action.. *Id.* The significance of that date will be addressed under the discussion of DryGuy's Motion to Vacate Default, *infra*.

[2] One district court has questioned the Ninth Circuit's express holdings in *Franchise Holding* and *Hayhurst* that these three factors are disjunctive. *See, E. & J. Gallo Wiinery v. Cantine Rallo S.P.A.,* 430 F. Supp. 1064 (E.D.Cal. 2005). However, more recently, a different district court in California has noted the flaws in the *Gallo* court's reasoning, and pointed to several recent Ninth Circuit

ORDER - 2

establishing that the default should be set aside. *Id.* (*citing TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir.2001) (*overruled on other grounds, Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141, 147-50 (2001)). Default judgments are generally disfavored and "[c]ases should be decided upon their merits whenever reasonably possible." *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir.1986).

**II. Analysis**

A. <u>DryGuy's Motion to Vacate and Set Aside the Order of Default</u> (Dkt. # 29)

Plaintiff served DryGuy by sending a Notice of Lawsuit and Request for Waiver of Service of Summons to Joel Beckett, owner and registered agent for DryGuy, pursuant to F.R.Civ.Proc. 4(d). Mr. Beckett signed and returned the waiver on September 15, 2009, and plaintiff filed the returned waiver on September 18, 2009 to demonstrate that DryGuy had waived service. Dkt. # 3. DryGuy failed to appear or answer, and on November 12, sixty days after the Notice and Waiver were sent to DryGuy, plaintiff moved for default. DryGuy's default was entered by the Clerk of Court on November 16, 2009. Dkt. ## 7, 8. Plaintiff then moved for default judgment against both defendants on January 26, 2010. Dkt. # 13. The motion was later amended as to defendant Dahn Yoga, but the January 26 motion remains effective as to DryGuy. Defendant DryGuy did not appear until March 11, 2010, and filed this motion to set aside the default on March 15, 2010, together with a motion to dismiss or stay this action. Dkt. ## 29, 31.

In his argument for setting aside the default, counsel for DryGuy asserts that Mr. Beckett sent him the service copy of the complaint, together with a blank waiver form, but did not inform him that a signed waiver form had already been returned to plaintiff. Declaration of Brian Wanca, Dkt. # 30, ¶ 30. Counsel states,

> I did not direct anyone at DryGuy to waive service of process, and I had not received an executed waiver of service. I, therefore, believed that DryGuy had not been served with this complaint and no action was required.

*Id.* Counsel argues that DryGuy is an "unsophisticated litigant" and argues that plaintiff took advantage of this by serving DryGuy rather than counsel.

---

opinions which continued to follow the disjunctive approach. *Verizon California Inc., v. OnlineNIC, Inc.,* 647 F. Supp. 2d 1110, 1122 (N.D.Cal. 2009) (citing cases). This Court joins the *Verizon* court in finding that the *Falk* factors are to be applied disjunctively.

ORDER - 3

> Markel knew that DryGuy was represented by counsel, since DryGuy's underlying lawsuit prompted Dahn Yoga's tender of defense that led to Markel filing this suit. Nevertheless, Markel did not send a copy of the waiver of service form to DryGuy's counsel—or otherwise communicate with DryGuy's counsel about the suit.

Motion to Vacate and Set Aside Default, Dkt. # 29, p. 1, 2.

In opposing the motion to set aside the default of DryGuy, plaintiff demonstrates that Mr. Beckett was served (instead of counsel) at counsel's express request. Declaration of Anamaria Gil, Dkt. # 36. Counsel for plaintiff states in her declaration,

> Because DryGuy was represented in the Washington class action, I provided a courtesy copy of Markel's Complaint for Declaratory Relief to DryGuy's counsel. On September 1, 2009, Ms. Annette Messitt of the law firm Breskin, Johnson and Townsend, contacted me and asked that all communications to DryGuy be made directly to the Anderson + Wanca law firm.
>
> I was willing to agree to this request, but asked for written acknowledgment that Anderson + Wanca had authority to accept service of process on behalf of DryGuy. . . . Over the following week, I did not receive a response to my request.
>
> On September 8, 2009, I contacted Ms. Messitt and asked if someone from the Anderson + Wanca law firm was going to sign and return the acknowledgment of authority to accept service on behalf of DryGuy. Ms. Messitt responded in an e-mail: "They have apparently changed their position and would prefer to have you serve DryGuy. Also, for what it is worth, they indicate they will not waive service.
>
> On the same day, Ms. Gil responded by e-mail: "Thanks for your response. We will go ahead and serve DryGuy, and proceed as though DryGuy is unrepresented until counsel for DryGuy appears." Ms. Messitt did not respond to this e-mail. DryGuy's counsel made no further efforts to communicate with me regarding Markel's declaratory judgment action.

Declaration of Anamaria Gil, Dkt. # 36, ¶¶ 4 - 6.

DryGuy's counsel neither communicated with counsel for plaintiff regarding this action, nor informed counsel of their intent to file a competing declaratory judgment action in Illinois. *Id.*. ¶ 7. That action, *DryGuy and Green v. Dahn Yoga and Markel Insurance*, was, as noted above at Note 1, filed on September 18, 2009. Plaintiff suggests that DryGuy's counsel's refusal to accept service, and late direction to serve Mr. Beckett instead, was a deliberate attempt to manipulate the legal process, specifically by stalling in order to gain time to file their own declaratory judgment action in Illinois. Plaintiff also refutes counsel's representation that DryGuy is an "unsophisticated litigant" by pointing to his status as a successful businessman and as a plaintiff in two separate class action suits in King County Superior Court, *DryGuy v. Dahn Yoga* (the suit underlying this action), and *DryGuyLLC v. TaxLadies*

ORDER - 4

*Accounting Services, LLC*. Declaration of Anamaria Gil, Dk.t # 36, Exhibit C. DryGuy has not filed a reply to contest plaintiff's assertions. This is particularly significant with respect to plaintiff's showing that DryGuy was served at his counsel's request, not as an attempt to take advantage of an unsophisticated litigant.

As only one of the three factors in the tripartite test set forth above need be present to justify denial of the motion to set aside the default, the Court will first turn to address defendant DryGuy's culpability. *Cassidy v. Tenorio*, 856 F.2d 1412, 1415 (9th Cir.1988). The governing standard for this factor is that "a defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and intentionally failed to answer." *TCI*, 244 F.3d at 697 (citation omitted).[3] The Ninth Circuit has "typically held that a defendant's conduct was culpable . . . where there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond." *TCI*, 244 F.3d at 698. However,

> [n]eglectful failure to answer as to which the defendant offers a credible, good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decision making, or otherwise manipulate the legal process is not "intentional" under our default cases, and is therefore not necessarily---although it certainly may be, once the equitable factors are considered---culpable or inexcusable.

*Id*. at 698-99.

The unrebutted facts stated by plaintiff demonstrate that DryGuy's conduct in this matter was culpable. DryGuy, who is not an unsophisticated litigant, was served through the Rule 4(d) waiver process, at the express direction of his counsel Brian Wanca. This service was not a surprise, as the law firm had prior notice of this lawsuit. After asking on September 1, 2009 that all communications to DryGuy be sent to them, they subsequently changed their position and said that plaintiff should serve DryGuy. They also indicated they would refuse to waive service, despite Rule 4(d)'s clear directive that

---

[3] The *TCI* court relied on the Ninth Circuit's holding "that three factors derived from the 'good cause' standard that governs the lifting of entries of default under Fed.R.Civ.P. 55(c) govern the vacating of a default judgment under Rule 60(b) as well." *TCI*, 244 F.3d at 696. Accordingly, the Court finds the *TCI* court's discussion of the three *Falk* factors is applicable to the instant motion to set aside default, even though the *TCI* court addressed a motion to set aside a default judgment.

ORDER - 5

1  a defendant who is subject to service has a "duty to avoid unnecessary expenses of serving the
2  summons." F.R.Civ.Proc. 4(d)(1).   Counsel then received a copy of the complaint and blank waiver
3  from Mr. Beckett, and deliberately chose not to respond to the request for waiver of service.
4  Declaration of Brian Wanca, Dkt. # 30, ¶ 4.  In light of the fact that plaintiff was directed by opposing
5  counsel to serve DryGuy,  Mr. Beckett's failure to communicate to his attorney that he had himself
6  already  returned the signed waiver does not excuse counsel's failure to respond to the complaint.
7  DryGuy has thus failed to offer a "credible, good faith explanation negating any intention to take
8  advantage of the opposing party." *TCI*, 244 F.3d at 698.
9      Accordingly, the Court finds that defendant DryGuy's conduct in failing to respond was
10 culpable, and sufficient of itself to justify denial of the motion to set aside the default.   DryGuy's
11 motion shall be denied, and the motion to dismiss filed by this defendant shall be stricken as moot.

13      B.  <u>Dahn Yoga's Motion to Set Aside Entry of Default</u> (Dkt. # 17)
14      Plaintiff filed this declaratory judgment action on August 27, 2009. Dkt. # 1.  On September 10,
15 2009, plaintiff sent by mail a Notice of Lawsuit and Request for Waiver of Summons, together with a
16 copy of the complaint in this action, to Dahn Yoga's registered agent in Washington State at the address
17 listed with the Washington Secretary of State, 1300 Post Alley in Seattle, Washington.  Declaration of
18 Anamaria Gil, Dkt. # 22, Exhibit E.  Jeff Koh, manager of the legal department at Dahn Yoga, received
19 and read these documents. Declaration of Jeff Koh, Dkt. # 18, ¶ 8.  He states, "I did not believe Dahn
20 Yoga was required to do anything at that point.  I placed the documents in my file related to the stayed
21 King County litigation." *Id*.  On October 20, 2009, having received no answer to the complaint from
22 Dahn Yoga within the required time after requesting waiver of service, plaintiff served the summons and
23 complaint in person upon Morgan Sterling, an assistant manager at Dahn Yoga's Seattle studio at 1300
24 Post Alley.  Declaration of Anamaria Gil, Dkt. # 22, Exhibit D.  The summons and complaint were
25 directed to Bo Hwa Oh, Dahn Yoga's registered agent in Washington, at the Post Alley address.
26 However, the process server was informed that "Bo Wha Oh has moved to New York," and that "Mr.
27 Sterling was authorized to accept service on behalf of Dahn Yoga." *Id*.  After accepting the documents,

ORDER - 6

defendant asserts that Mr. Sterling, who "did not recognize the importance of the documents he had received," placed them "with the Seattle yoga studio's files with the studio's other records." Declaration of Jeff Koh, Dkt. # 18, ¶ 11. Dahn Yoga has not presented a declaration by Mr. Sterling, so this statement by Mr. Koh is hearsay with respect to what Mr. Sterling knew or recognized about the lawsuit.          Plaintiff moved for default against Dahn Yoga on December 23, 2009, and default was entered by the Clerk of Court on January 4, 2010. Dkt. ## 9, 10. As there was an error in the proposed order of default presented by plaintiff and signed by the Clerk, plaintiff filed an amended motion for default on January 11, 2010. Default was entered by the Clerk of Court on January 15, 2010. Dkt. ## 11, 12. Plaintiff filed a motion for default judgment against both DryGuy and Dahn Yoga on January 26, 2010. Dkt. # 13.  On February 5, 2010, Dahn Yoga appeared through counsel. Dkt. # 14. The parties stipulated to an extension of time for Dahn Yoga to respond to the motion for default judgment. Dkt. # 15. Plaintiff then filed an amended motion for default judgment against Dahn Yoga, noting it for March 5, 2010 so Dahn Yoga would have an opportunity to respond. Dkt. # 16. The same day, Dahn Yoga filed this motion to set aside the default. Dkt. # 17.

In considering Dahn Yoga's motion, the Court will first address the culpability factor. Dahn Yoga asserts that it did not act culpably because it was never properly served, it did not act intentionally to harm plaintiff or to interfere with judicial decision making, and "at worst" the default was the product of carelessness or "poor document management policies." Motion to Set Aside Entry of Default, Dkt. # 17, p. 6.

As to service, defendant asserts that Dahn Yoga was not properly served because "[t]he assistant manager of our Harbor Steps yoga studio was not authorized to accept service of legal process on behalf of Dahn Yoga." Declaration of Jeff Koh, Dkt. # 18, ¶ 10. Noticeably absent from this declaration and from defendant's argument is any indication as to who **was** authorized to accept service of process, in the absence of registered agent Bo Hwa Oh who had, in defendant's own words, "indeed moved to New York." Defendant's Reply, Dkt. # 23, p. 3. Plaintiff was entitled to rely on Dahn Yoga's corporate statement on file with the Washington Secretary of State in determining whom to serve, and where to effect that service. As noted above, that corporate statement listed Bo Hwa Oh as the registered agent

ORDER - 7

and 1300 Post Alley as the place for service.  Declaration of Anamaria Gil, Dkt. # 22, Exhibit E.  When Bo Hwa Oh moved to New York, Dahn Yoga was obligated to designate another registered agent to receive service of process.  RCW 23B.15.070; 23B.15.080.  According to the process server, Mr. Sterling represented that he was in fact authorized to accept service in the absence of Bo Hwa Oh.  Declaration of Anamaria Gil, Dkt. # 22, Exhibit D.  Dahn Yoga must now bear the consequences of that representation, including Mr. Sterling's failure to route the summons and complaint to the legal department.  Since Mr. Koh, manager of the legal department, had earlier received a request for waiver of service, he was on notice of the lawsuit as of September 10, 2009.  Yet he waited until late January 2010 to search the docket of this action.  Declaration of Jeff Koh, Dkt. # 18, ¶¶ 13, 14.

Defendant contends that it is not culpable because Mr. Koh reasonably believed that he "was not required to do anything" in response to the request for waiver of service that he received.  Declaration of Jeff Koh, Dkt. # 18, ¶ 8.  It is true that a defendant is not legally required to respond to a request for waiver of service, despite the language in Rule 4 that an individual or corporation that is subject to service has "a duty to avoid unnecessary expenses of serving the summons," F.R.Civ.Proc. 4(d)(1).  Nevertheless, the request for waiver put Dahn Yoga on notice that an action had been commenced in this Court on August 27, 2009.  Mr. Koh, as manager of Dahn Yoga's legal department, should have expected that his failure to waive service would result in personal service upon Dahn Yoga at the expiration of the time allowed for a response to the waiver.  Given the fact that Dahn Yoga did not appoint a replacement for its registered agent when Bo Hwa Oh moved out of state, together with the fact that Mr. Sterling represented that he was authorized to accept service, Dahn Yoga will not be heard to object that service was improper, nor to blame its failure to respond to the complaint on poor document management policies.

A defendant's conduct is culpable if it "has received actual or constructive notice of the filing of the action and intentionally failed to answer." *TCI*, 244 F.3d at 697.  That is the case here.  Defendant has given no credible, good faith explanation as to why it failed to respond, other than Mr. Koh's belief that he was not required to respond to the request for waiver.  Dahn Yoga received actual notice in the waiver that this lawsuit was filed on August 27, 2009, and deliberately failed to answer.  The Court

ORDER - 8

therefore finds that Dahn Yoga's conduct was culpable.

This finding of culpability is sufficient to justify denial of the motion to set aside the default. The Court notes, however, that defendant's argument with respect to its meritorious defense goes mainly to its liability under the TCPA and other statutes in the underlying class action, not to the coverage issue asserted in this declaratory judgment action. Dahn Yoga bases its meritorious defense argument on the factual allegation that the offending faxes which form the basis of the underlying class action were sent to DryGuy by a member of the Bellevue Dahn Yoga studio, not by Dahn Yoga itself. Declaration of Jeff Koh, Dkt. # 18, ¶ 17. Dahn Yoga asserts that the manager of the Bellevue yoga studio neither requested nor authorized the sending of the faxes. *Id*. According to Dahn Yoga, these facts defeat the policy exclusions which Markel has raised as a bar to coverage, because Dahn Yoga "did not intend to send the facsimile at all." Motion to Vacate and Set Aside Default, Dkt. # 17, p. 11. These arguments are more properly directed to defeat a finding of liability in the underlying action, not to defeat the policy exclusions asserted by Markel in the coverage dispute.

## CONCLUSION

The defendant bears the burden of establishing the default should be set aside. *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d at 696. As set forth above, the Court finds that neither defendant has met this burden as to the culpability factor of the three-part *Falk* test. In light of this culpable conduct, it is not necessary for the Court to consider the other two *Falk* factors. *Franchise Holding*, 375 F.3d at 925-26.

Accordingly, it is hereby ORDERED:

(1) Dahn Yoga's motion to vacate or set aside the default (Dkt. # 17) is DENIED;

(2) DryGuy's motion to vacate or set aside the default (Dkt. # 29) is DENIED; and

(3) DryGuy's motion to dismiss or stay (Dkt. # 31) is STRICKEN as moot.

DATED this 17 day of May 2010.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER - 9